Finis Lavell CHISUM and Lura Mae Chisum, Appellants,

v.

Huff KELLY, Loy M. Simpkins, Dale Dage, Jerry Webb, Robert Denton, Clarence L. Jeffers, and Farmers National Bank, of Elk City, Oklahoma, a Foreign Corporation, Appellees.

No. 3234.

Supreme Court of Alaska.

Feb. 24, 1978.

---

George M. Kapolchok and Jesse C. Bell, Atkinson, Conway, Young, Gell & Gagnon, Anchorage, for appellants.

Phillip J. Eide and Michael G. Briggs, Ely, Guess & Rudd, Anchorage, for appellees.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

PER CURIAM.

Finis and Lura Chisum mortgaged their property to appellees Simpkins, Dage and Webb as trustees for a group which had guaranteed repayment to a bank of a loan to the Chisums. When the Chisums defaulted on the loan they executed a deed, absolute on its face, in favor of the guarantors. The issue in this case is whether the deed should be reformed and given the effect of an equitable mortgage. The trial court found that the deed was intended as a conveyance. In so doing it properly followed *Rizo v. MacBeth*, 398 P.2d 209, 211 (Alaska 1965) where we held "that a deed absolute on its face may be declared to be a security agreement. However, there is a presumption that an instrument is what it purports to be, and clear and convincing evidence is required to overcome this presumption."

As we view the case the only question presented is whether the trial court's finding was clearly erroneous. We hold that it was not. In reaching this conclusion we accept appellants' contention that Carl Mitchell was the agent of the guarantors. Mr. Chisum testified that he agreed with Mitchell that the property should be sold and the sale proceeds should be applied to his indebtedness, with any surplus to be returned to him.[1] It seems evident that the Chisums executed the deed to facilitate this agreement.[2] Consistent with this agreement the guarantors eventually did sell the property and since the sale proceeds were less than the outstanding indebtedness the Chisums were entitled to nothing.

AFFIRMED.

---

1. At trial Chisum testified as follows:

   Chisum: There was (sic) several discussions with Carl Mitchell and myself in agreement to sell the property to pay off the mortgage and I was to get what was left out of the proceeds.

   \*     \*     \*     \*     \*     \*

   Counsel: And I believe you stated that the idea was to sell the property and then the guarantors would get their money back and you'd get the excess.

   Chisum: That is exactly right. That was the agreement I had with Carl Mitchell.

2. Upon questioning at oral argument counsel acknowledged this, but added that the Chisums would have to approve any future sale. We find no testimony, however, indicating the need for their approval.